UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAKE THE ROAD NEW YORK, AFRICAN SERVICES COMMITTEE, CENTRAL AMERICAN REFUGEE CENTER NEW YORK, CATHOLIC CHARITIES COMMUNITY SERVICES (ARCHDIOCESE OF NEW YORK), CATHOLIC LEGAL IMMIGRATION NETWORK, INC., ALICIA DOE, BRENDA DOE, CARL DOE, DIANA DOE, and ERIC DOE,

                      Plaintiffs,

- against -                                              1:19-cv-11633-GBD

MICHAEL POMPEO, in his official capacity as Secretary of State; the UNITED STATES DEPARTMENT OF STATE; DONALD TRUMP, in his official capacity as President of the United States; ALEX AZAR, in his official capacity as Secretary of the Department of Health and Human Services; and the UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,

                      Defendants.

---

## SUPPLEMENTAL DECLARATION OF ELISE DE CASTILLO

ELISE DE CASTILLO declares:

1. My name is Elise de Castillo. I am an attorney and Executive Director at the Central American Refugee Center in New York (CARECEN – NY), a non-profit organization based on Long Island, New York. I submit this supplemental declaration in further support of the Plaintiffs' Motion for a preliminary injunction to enjoin the 2018 Foreign Affairs Manual ("FAM") revisions, the Interim Final Rule ("IFR") published by the Department of State ("DOS"), titled Ineligibility Based on Public Charge Grounds, and the President's Health Proclamation ("Proclamation").

1

2. On Monday, February 24, 2020, the IFR went into effect. Because we learned only on Friday, February 21, when the FAM was updated, that all pending applications filed before February 24, 2020 would nevertheless be subject to the IFR, our many clients with pending applications for immigrant visas are at high risk of having their visa applications denied.

3. We have three clients who are residing in their home countries who will undergo consular processing in March 2020, on March 12, March 18, and March 30, all in San Salvador, El Salvador. We have approximately 25 additional cases in which the visa applications are fully submitted; and we are awaiting scheduling of the consular interview sometime between now and September 30, 2020. In the meantime, more consular cases are added to the queue on a rolling basis.

4. All of these applicants are going through ordinary consular processing out of country. In most cases, we work with their family-member sponsors to prepare the cases. Despite these cases being fully submitted, because of the change in rules the IFR now being applicable to them, we will have to do a great deal of supplemental analysis, counseling, and case preparation to ensure these applicants have the best chance of seeing their applications approved. In addition, we are finding that simply explaining the changes to the clients is more laborious than anticipated. Clients do not understand how a change that just occurred affects cases that were filed, in some cases, years ago. They are upset because they believed their cases were complete. Just yesterday, we spoke to a client who felt extremely frustrated and angry that he is now required to fill out an additional form and collect additional documents to support the petition for his 18-year-old son.

5. Given that the implementation of the IFR is so new, and that the new FAM changes are not entirely clear, it will be challenging and time-consuming to figure out how to best advise these clients. For example, one client I am particularly concerned about is a U.S. citizen step-

mother petitioning for her two minor step-daughters in Honduras, both teenagers. Their biological mother abandoned them. We urgently want the girls to enter the United States. There are new factors we will have to be prepared to address for their interview under the new standards, and such preparation is likely to be complicated by their location and their young age. Meanwhile, their sponsor and her husband, the girls' father, are desperate for the family to be reunited because the girls are in Honduras without parental supervision or protection. The sponsor has repeatedly expressed that the girls are in danger in Honduras. Only by arriving in the United States, she feels, will they be safe.

6. In addition to the over 25 cases that are either scheduled or awaiting scheduling, we have many more consular processing cases in various stages of development.

7. We estimate that consular cases like these will increase as a proportion of our caseload – due to the anticipated termination of the TPS and DACA programs and a decline in income from cases that are subject to the DHS public charge rule – from approximately 15 percent of our cases as of January 1, 2020, to approximately 25 percent. Given the substantial portion of our case load represented by the consular cases, and the fact that we get paid per case, the additional time we need to spend on each case – even those that are fully submitted and we thought were all but complete – will significantly affect our ability to generate the revenue anticipated in our 2020 budget. This lost revenue cannot be recouped in this legal action, and is, in and of itself, a form of harm that cannot be rectified. For a relatively small budget like CARECEN - NY's, any loss of operating funds can make it difficult for us to maintain the same level of service and can result in the need to close programs and lose staff.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of February 2020
Hempstead, New York


Elise de Castillo