

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L St NW
Washington, DC 20530

---

James C. LuhTel:(202) 514-4938
Senior Trial CounselEmail:James.Luh@usdoj.gov

June 25, 2020

<u>By ECF</u>

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

Re:Supplemental Authority in Support of Defendants' Motion to Dismiss in *Make the Road New York v. Pompeo*, No. 19-cv-11633

Dear Judge Daniels:

I represent the defendants in the above-captioned case. I write to call the Court's attention to the Supreme Court's recent ruling in *Department of Homeland Security v. Regents of the University of California*, No. 18-587, 2020 WL 3271746 (U.S. June 18, 2020), which adds support for the defendants' motion to dismiss.

The plaintiffs in *University of California* challenged the rescission of the Deferred Action for Childhood Arrivals program. The plurality declined to resolve whether an equal protection claim could ever be asserted against an action of that kind. *See id.* at *16 (plurality opinion). But the plurality found that even assuming such a claim were "cognizable," the plaintiffs had not alleged sufficient facts to support an equal protection claim. An alleged disproportionate impact on Latinos was not enough to state a claim, in part because "virtually any generally applicable immigration policy" will have some disparate impact. *Id.* And alleged statements by the President that the plaintiffs contended "evince[d] discriminatory intent" were "unilluminating" because they were "remote in time and made in unrelated contexts," and the "relevant actors were most directly" the Acting Secretary of Homeland Security and the Attorney General. *Id.* In addition to the four Justices in the plurality, four more Justices concurred in the judgment with respect to the equal protection claim, meaning that eight Justices in all agreed that the plaintiffs failed to plead a valid claim. *See id.* at *19 n.1 (Thomas, J., concurring in the judgment in part and dissenting in part); *id.* at *33 (Kavanaugh, J., concurring in the judgment in part and dissenting in part). Thus, *University of California* strongly supports dismissal of the plaintiffs' similar equal protection claims in this case.

While the Court in *University of California* held that the challenged actions were subject to judicial review, *see id.* at *8 (majority opinion), that holding does not weigh in favor of

judicial review in this case. The Court held that judicial review was available because the challenged Government action rescinded a "program for conferring affirmative immigration relief" and related "benefits attendant to" that relief. *Id.* The actions challenged in this case did not rescind any program for conferring status or benefits on individuals already present in the United States. Rather, they address decisions concerning whether foreign nationals should be permitted to enter the United States in the first place. That function, as the defendants have explained, is "a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." Mem. in Opp'n to Pls.' Mot. for Prelim. Inj. and in Supp. of Mot Dismiss 21, ECF No. 52, 54 (quoting *Fiallo ex rel. Rodriguez v. Bell*, 430 U.S. 787, 792 (1977)).

        Sincerely,

        /s/
        James C. Luh
        Senior Trial Counsel
        United States Department of Justice

Cc: All counsel of record via ECF