## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MAKE THE ROAD NEW YORK, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-11633 (GBD) |
| | ) | |
| MICHAEL POMPEO, Secretary of State, et al. | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

Defendants Michael Pompeo, Secretary of State; U.S. Department of State; Alex M. Azar II, Secretary of Health and Human Services; and U.S. Department of Health and Human Services answer the Complaint for Declaratory and Injunctive Relief, ECF No. 1, as follows.

## FIRST DEFENSE

The complaint fails to comply with the requirements of Rules 8(a), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Some of the plaintiffs are not identified in the complaint, and the Court has not granted leave to proceed under pseudonyms.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the complaint.

## FOURTH DEFENSE

One or more claims or requests for relief in the complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

The defendants' actions were reasonable based on the record at the time of each action.

## SIXTH DEFENSE

Any error by the defendants was harmless.

## SEVENTH DEFENSE

Some claims in the complaint were dismissed by the Court's July 29, 2020,

Memorandum Decision and Order, ECF No. 88.

## EIGHTH DEFENSE

The defendants answer the numbered paragraphs of the plaintiffs' complaint as follows:

1.      This paragraph contains the plaintiffs' characterizations of facts, not allegations of

fact, so no response is required.

2.      This paragraph contains the plaintiffs' characterizations of facts and conclusions

of law, not allegations of fact, so no response is required. To the extent any response is required,

the defendants deny the allegations in this paragraph.

3.      This paragraph contains the plaintiffs' characterizations of this lawsuit, not

allegations of fact, so no response is required.

4.      The defendants admit the allegations in the first sentence. The second, third, and

fourth sentences contain the plaintiffs' conclusions of law, not allegations of fact, so no response

is required.

5.      This paragraph contains the plaintiffs' characterizations of statutory provisions

and Government action, not allegations of fact, so no response is required.

6.      The first, second, and third sentences contain the plaintiffs' characterizations of

the January 2018 FAM guidance, not allegations of fact, so no response is required. The

defendants admit the allegations in the fourth sentence that the Department of State did not adopt

the January 2018 FAM guidance through notice-and-comment rulemaking procedures. The defendants deny the allegations in the rest of the fourth sentence.

7.      The defendants admit the allegations in the first sentence. The defendants admit the allegations in the second sentence that on August 14, 2019, the Department of Homeland Security published a final rule, Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41,292 (Aug. 14, 2019), with an effective date of October 15, 2019. The rest of the second sentence contains the plaintiffs' characterizations of the August 2019 DHS rule, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the August 2019 DHS rule, not allegations of fact, so no response is required. The defendants admit the allegations in the fourth sentence that five federal district courts in four different Circuits entered preliminary injunctions against the August 2019 DHS rule between October 11, 2019, and October 14, 2019. The rest of the fourth sentence contains the plaintiffs' characterizations of the August 2019 DHS rule, not allegations of fact, so no response is required. The defendants admit the allegations in footnote 1. The fifth and sixth sentences contain the plaintiffs' characterizations of the January 2018 FAM guidance and the August 2019 DHS rule, not allegations of fact, so no response is required.

8.      The defendants admit the allegations in the first sentence. The second and third sentences contain the plaintiffs' characterizations of the October 2019 rule and the August 2019 DHS rule, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The fifth sentence contains the plaintiffs' characterizations of the cited study, not allegations of fact, so no response is required. The defendants admit the allegations in the sixth sentence. The defendants deny the allegations in the seventh sentence. The defendants admit the

allegations in the eighth sentence.

9.      The defendants deny the allegations in this paragraph.

10.      The defendants admit the allegations in the first sentence that the President issued the Proclamation Concerning Suspension of Entry of Immigrants Who Will Financially Burden the United States Healthcare System, in Order to Protect the Availability of Healthcare Benefits for Americans, Proclamation No. 9945, 84 Fed. Reg. 53,991 (Oct. 4, 2019), on October 4, 2019, that motions to enjoin the August 2019 DHS rule were pending at the time, and that the October 2019 rule had not yet been published. The rest of the first sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that Proclamation No. 9945 stated it would go into effect on November 3, 2019. The rest of the second sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence. The fourth sentence contains the plaintiffs' characterizations of the cited court decision, not allegations of fact, so no response is required.

11.      The first sentence contains the plaintiffs' characterizations of this lawsuit and the challenged actions and conclusions of law, not allegations of fact, so no response is required; to the extent any response is required, the defendants deny the allegations. The defendants deny the allegations in the second and third sentences.

12.      The defendants deny the allegations in the first sentence. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence. The third sentence contains the plaintiffs' characterizations of unspecified statements by White House adviser Stephen Miller, not allegations of fact, so no response is

required. The fourth sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

13.     This paragraph contains the plaintiffs' characterizations of the challenged actions, not allegations of fact, so no response is required; to the extent any response is required, the defendants deny the allegations.

14–16. The defendants deny the allegations in these paragraphs.

17.     The defendants deny the allegations in the first and second sentences. The third sentence contains the plaintiffs' characterizations of unspecified statements allegedly made by the President, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' characterizations of actions of White House adviser Stephen Miller and the challenged actions, not allegations of fact, so no response is required.

18.     This paragraph contains the plaintiffs' characterizations of this lawsuit, not allegations of fact, so no response is required; to the extent any response is required, the defendants deny the allegations.

19.     This paragraph contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

20.     The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that plaintiffs Alicia Doe, Brenda Doe, and Eric Doe reside in this district, that plaintiffs Make the Road New York, African Services Committee, and Catholic Charities Community Services (Archdiocese of New York) have offices in this district, and plaintiffs Central American Refugee Center New York and Catholic Legal Immigration Network, Inc., (CLINIC) serve clients and affiliates in this district. The rest of this paragraph contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

21.     The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22.     The defendants admit the allegations in the first sentence that the January 2018 FAM guidance and the October 2019 rule were published without prior notice and comment. The rest of the first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that plaintiff Make the Road New York submitted a comment on the October 2019 rule. The rest of the second sentence contains the plaintiffs' characterizations of facts and the Make the Road New York comment, not allegations of fact, so no response is required. The third and fourth sentences contain the plaintiffs' characterizations of the Make the Road New York comment, not allegations of fact, so no response is required. The defendants admit the allegations in the fifth sentence that plaintiff Make the Road New York submitted comments on the October 2019 rule and the October 2019 Notice of Information Collection and that the October 2019 Notice of Information Collection was published October 30, 2019, with a request for comments by October 31, 2019. The defendants deny the allegations in the rest of the fifth sentence.

23.     The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of its activities, not allegations of fact, so no response is required. The defendants deny the allegations in the third, fourth, fifth, and sixth sentences.

24.     The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25.     The defendants deny the allegations in this paragraph.

26.     The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response

is required. The defendants deny the allegations in the third sentence.

27.     The defendants deny the allegations in this paragraph.

28.     The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29.     The defendants deny the allegations in this paragraph.

30.     The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences. The defendants admit the allegations in the third sentence that the U.S. District Court for the District of Oregon has preliminarily enjoined enforcement of Proclamation No. 9945 and that other courts have entered preliminary injunctions against the August 2019 DHS rule. The defendants deny the allegations in the third sentence that the January 2018 FAM guidance is currently being applied. The rest of the third sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required.

31.     The first sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the challenged actions, not allegations of fact, so no response is required. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences.

32.     The first sentence contains the plaintiffs' characterizations of the challenged actions, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required. The defendants deny the allegations in the third sentence. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence.

33.    The defendants deny the allegations in this paragraph.

34–35. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs.

36.    The defendants admit the allegations in the first sentence that the January 2018 FAM guidance and the October 2019 rule were published without prior notice and comment. The rest of the first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants deny the allegations in the second sentence.

37.    The defendants deny the allegations in the first, second, and third sentences. The fourth and fifth sentences contain the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required.

38.    The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39.    The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. The defendants admit the allegations in the second sentence. The third sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth and fifth sentences.

40.    The defendants admit the allegations in the first sentence that the January 2018 FAM guidance and the October 2019 rule were published without prior notice and comment. The rest of the first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that plaintiff CLINIC submitted a comment on the October 2019 rule. The rest of the second sentence

contains the plaintiffs' characterizations of facts and the CLINIC comment, not allegations of

fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the

CLINIC comment, not allegations of fact, so no response is required. The defendants admit the

allegation in the fourth sentence that plaintiff CLINIC submitted a comment on the October 2019

Notice of Information Collection. The defendants deny the allegations in the rest of the fourth

sentence. The fifth sentence contains the plaintiffs' characterizations of the comments, not

allegations of fact, so no response is required.

41.     The defendants deny the allegations in the first sentence. The defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations in the

second and third sentences.

42.     The defendants deny the allegations in this paragraph.

43–49. The defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in these paragraphs and footnote 5.

50.     The defendants admit the allegations in the first sentence that defendant Michael

Pompeo is the Secretary of State and that the Department of State oversees consular processing.

The defendants deny the allegations in the rest of the first sentence. The second sentence

contains the plaintiffs' characterizations of statutory provisions and conclusions of law, not

allegations of fact, so no response is required. The third sentence contains the plaintiffs'

characterizations of this lawsuit, not allegations of fact, so no response is required.

51.     The defendants admit the allegations in the first sentence. The second sentence

contains the plaintiffs' characterizations of statutory provisions and conclusions of law, not

allegations of fact, so no response is required.

52.     The defendants admit the allegations in the first sentence that Alex M. Azar II is

the Secretary of Health and Human Services and that the Department of Health and Human

Services plays a role in regulating private and public health insurance. The rest of the first

sentence contains the plaintiffs' characterizations of the activities of the Department of Health

and Human Services, not allegations of fact, so no response is required. The second sentence

contains the plaintiffs' characterizations of statutory provisions and conclusions of law, not

allegations of fact, so no response is required. The third sentence contains the plaintiffs'

characterizations of this lawsuit, not allegations of fact, so no response is required.

53.     The defendants admit the allegations in the first sentence. The second sentence

contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no

response is required.

54.     The defendants admit the allegations in the first sentence that Donald J. Trump is

President of the United States. The defendants deny the allegations in the rest of the first

sentence. The second sentence contains the plaintiffs' characterizations of this lawsuit, not

allegations of fact, so no response is required. The third sentence contains the plaintiffs'

conclusions of law, not allegations of fact, so no response is required.

55.     This paragraph contains the plaintiffs' characterizations of facts, not allegations of

fact, so no response is required.

56.     The defendants admit the allegations in the first sentence that 8 U.S.C.

§ 1101(a)(20) provides: "(20) The term 'lawfully admitted for permanent residence' means the

status of having been lawfully accorded the privilege of residing permanently in the United

States as an immigrant in accordance with the immigration laws, such status not having

changed." The defendants deny the allegations in the rest of the first sentence. The second and

third sentences contain the plaintiffs' characterizations of statutory provisions, not allegations of

fact, so no response is required.

57.     The first sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited table, not allegations of fact, so no response is required. The third and fourth sentences contain the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

58.     The first sentence and footnote 7 contain the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that USCIS Form I-130 is a Petition for Alien Relative. The rest of the second sentence contains the plaintiffs' characterizations of the form and statutory and regulatory provisions, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence that USCIS Form I-140 is an Immigrant Petition for Alien Workers. The rest of the third sentence contains the plaintiffs' characterizations of the form and statutory and regulatory provisions, not allegations of fact, so no response is required. The defendants admit the allegations in the fourth sentence that USCIS Form I-485 is an Application to Register Permanent Residence or Adjust Status. The rest of the fourth sentence contains the plaintiffs' characterizations of the form and statutory and regulatory provisions, not allegations of fact, so no response is required.

59.     The defendants deny the allegations in the first sentence. The defendants admit the allegations in the second sentence that Department of State Form DS-260 is an Immigrant Visa Electronic Application. The rest of the second sentence contains the plaintiffs' characterizations of the form and statutory and regulatory provisions, not allegations of fact, so no response is required.

60.     This paragraph contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

61.     The first, second, third, fourth, and fifth sentences contain the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The defendants admit the allegations in the sixth sentence that USCIS Form I-601A is an Application for Provisional Unlawful Presence Waiver. The rest of the sixth sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The seventh and eighth sentences contain the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

62.     The defendants admit the allegations in this paragraph that 8 U.S.C. § 1182(a)(4) provides in part:

**(4) Public charge**

**(A) In general**

Any alien who, in the opinion of the consular officer at the time of application for a visa, or in the opinion of the Attorney General at the time of application for admission or adjustment of status, is likely at any time to become a public charge is inadmissible.

The rest of this paragraph contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The defendants admit the allegations in the first sentence of footnote 8 that 8 U.S.C. § 1227(a)(5) provides:

**(5) Public charge**

Any alien who, within five years after the date of entry, has become a public charge from causes not affirmatively shown to have arisen since entry is deportable.

The rest of the first sentence of footnote 8 contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The second sentence of footnote 8

contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no

response is required.

63.     The defendants admit the allegations in this paragraph that 8 U.S.C.

§ 1182(a)(4)(B) provides:

**(B) Factors to be taken into account**

(i) In determining whether an alien is inadmissible under this paragraph,
the consular officer or the Attorney General shall at a minimum consider the
alien's—

(I) age;

(II) health;

(III) family status;

(IV) assets, resources, and financial status; and

(V) education and skills.

(ii) In addition to the factors under clause (i), the consular officer or the
Attorney General may also consider any affidavit of support under section 1183a
of this title for purposes of exclusion under this paragraph.

The rest of this paragraph contains the plaintiffs' characterizations of statutory provisions, not

allegations of fact, so no response is required.

64.     The defendants admit the allegations in the first sentence that 8 U.S.C. § 1182(f)

provides in part:

**(f) Suspension of entry or imposition of restrictions by President**

Whenever the President finds that the entry of any aliens or of any class of
aliens into the United States would be detrimental to the interests of the United
States, he may by proclamation, and for such period as he shall deem necessary,
suspend the entry of all aliens or any class of aliens as immigrants or
nonimmigrants, or impose on the entry of aliens any restrictions he may deem to
be appropriate. . . .

The rest of the first sentence contains the plaintiffs' characterizations of statutory provisions, not

allegations of fact, so no response is required. The second sentence contains the plaintiffs'

characterizations of statutory provisions and the cited court decision, not allegations of fact, so no response is required.

65.     This paragraph contains the plaintiffs' characterizations of statutory provisions and the challenged actions and conclusions of law, not allegations of fact, so no response is required.

66.     The first sentence and footnote 9 contain the plaintiffs' characterizations of the challenged actions, the cited policy paper, and the cited database entry, not allegations of fact, so no response is required. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

67.     This paragraph contains the plaintiffs' characterizations of the cited policy paper, not allegations of fact, so no response is required.

68.     The first and second sentences contain the plaintiffs' characterizations of the referenced organization's activities, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required.

69.     This paragraph contains the plaintiffs' characterizations of press reports and the cited document, not allegations of fact, so no response is required.

70.     The defendants admit the allegation in the first sentence that the cited document is not an Executive Order adopted by the President. The rest of the first sentence contains the plaintiffs' characterizations of press reports and the cited document, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence. The third sentence contains the plaintiffs' characterizations of the cited Federal Register notice, not allegations of fact, so no response is required.

71.     The defendants admit the allegations in the first, second, and third sentences. The defendants admit the allegations in the fourth sentence that appellate courts stayed injunctions issued by federal district courts in California, Washington, and Maryland. The defendants deny the allegations in the rest of the fourth sentence.

72.     The defendants admit the allegations in this paragraph that the January 2018 FAM guidance and the October 2019 rule were published without prior notice and comment. The rest of this paragraph contains the plaintiffs' characterizations of the August 2019 DHS rule, the January 2018 FAM guidance, and the October 2019 rule, not allegations of fact, so no response is required.

73.     This paragraph contains the plaintiffs' characterizations of the August 2019 DHS rule, the January 2018 FAM guidance, and the October 2019 rule, the cited policy paper, and the cited document, not allegations of fact, so no response is required.

74.     The first and second sentences contain the plaintiffs' characterizations of the Department of State Foreign Affairs Manual, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the cited law review student note, not allegations of fact, so no response is required.

75.     The defendants admit the allegations in the first sentence that the FAM guidance before 2018 contained the quoted language. The defendants deny the allegations in the first sentence that the FAM contained the quoted language from 1999 until 2018. The rest of the first sentence contains the plaintiffs' characterizations of the FAM guidance before 2018, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the FAM guidance before 2018 and the 1999 INS Field Guidance, not allegations of fact, so no response is required.

76.     The defendants admit the allegations in this paragraph that before January 3, 2018, 9 FAM 302.8-2(B)(1)(c)(1) stated in part, "Neither the past nor possible future receipt of such non-cash or supplemental assistance may be considered in determining whether an alien is likely to become a public charge." The rest of this paragraph contains the plaintiffs' characterizations of the FAM guidance before 2018, not allegations of fact, so no response is required.

77.     The first sentence contains the plaintiffs' characterizations of the FAM guidance before 2018, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that before January 3, 2018, 9 FAM 302.8-2(B)(3)(a)(2) stated in part, "As noted in 9 FAM 302.8-2(B)(2), a properly filed, non-fraudulent Form I-864 in those cases where it is required, should normally be considered sufficient to meet the INA 212(a)(4) requirements and satisfy the 'totality of the circumstances' analysis." The rest of the second sentence contains the plaintiffs' characterizations of the FAM guidance before 2018, not allegations of fact, so no response is required.

78.     This paragraph contains the plaintiffs' characterizations of the January 2018 FAM guidance and the August 2019 DHS rule, not allegations of fact, so no response is required.

79.     The defendants admit the allegations in this paragraph that the January 2018 FAM guidance stated, in 9 FAM § 302.8-2(B)(2)(f)(1)(b)(i):

> (i) Past or current receipt of public assistance of any type by the visa applicant or a family member in the visa applicant's household is relevant to determining whether the applicant is likely to become a public charge in the future but the determination must be made on the present circumstances.

The rest of this paragraph contains the plaintiffs' characterizations of the January 2018 FAM guidance, not allegations of fact, so no response is required.

80.     The first sentence contains the plaintiffs' characterizations of the January 2018

FAM guidance, not allegations of fact, so no response is required. The defendants admit the

allegations in the second sentence that the January 2018 FAM guidance stated, in 9 FAM

§ 302.8-2(C)(7)(b), "The joint sponsor can be a friend or third party who is not necessarily

financially connected with the sponsor's household," and, in 9 FAM § 302.8-2(B)(3)(b)(1)(b),

"You may consider the likelihood that the sponsor(s) will support the applicant in determining

public charge." The rest of the second sentence contains the plaintiffs' characterizations of the

January 2018 FAM guidance, not allegations of fact, so no response is required. The third

sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance, not

allegations of fact, so no response is required. The fourth, fifth, and sixth sentences contain the

plaintiffs' characterizations of unspecified communications between consular officers and visa

applicants, not allegations of fact, so no response is required.

81.     The first sentence contains the plaintiffs' characterizations of the January 2018

FAM guidance and the FAM guidance before 2018 and conclusions of law, not allegations of

fact, so no response is required. The second and third sentences contain the plaintiffs'

characterizations of the January 2018 FAM guidance, not allegations of fact, so no response is

required.

82–83. These paragraphs contain the plaintiffs' conclusions of law, not allegations of fact,

so no response is required.

84.     The first sentence contains the plaintiffs' characterizations of facts, not allegations

of fact, so no response is required. The defendants deny the allegations in the second sentence.

The third sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no

response is required. The defendants admit the allegations in the fourth sentence that the

Department of State tabulated 7 initial refusals of immigrant visa applications from Mexican

nationals during federal fiscal year 2016 and 5,343 initial refusals of immigrant visa applications from Mexican nationals from October 1, 2019, to May 31, 2019. The defendants deny the allegations in the rest of the fourth sentence. The fifth sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the first sentence of footnote 20 that the Department of State tabulated 2 initial refusals of immigrant visa applications from Pakistani nationals during federal fiscal year 2016 and 563 initial refusals of immigrant visa applications from Pakistani nationals from October 1, 2019, to May 31, 2019. The defendants deny the allegations in the rest of the first sentence of footnote 20. The defendants admit the allegations in the second sentence of footnote 20 that the Department of State tabulated 324 initial refusals of immigrant visa applications from Bangladeshi nationals during federal fiscal year 2017 and 1,262 initial refusals of immigrant visa applications from Bangladeshi nationals from October 1, 2019, to May 31, 2019. The defendants deny the allegations in the rest of the second sentence of footnote 20. The sixth sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the first sentence of footnote 21 that the Department of State tabulated 1 initial refusal of an immigrant visa application from a Spanish national during federal fiscal year 2016 and 1 initial refusal of an immigrant visa application from a Spanish national from October 1, 2019, to May 31, 2019. The rest of the first sentence of footnote 21 contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence of footnote 21 that the Department of State tabulated 1 initial refusal of an immigrant visa application from a Bulgarian national during federal fiscal year 2016, 2 initial refusals of immigrant visa applications from Bulgarian nationals from October 1, 2019, to May 31, 2019, 2 initial refusals of immigrant visa

applications from German nationals during federal fiscal year 2016, and 3 initial refusals of immigrant visa applications from German nationals from October 1, 2019, to May 31, 2019. The rest of the second sentence of footnote 21 contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence of footnote 21 that the Department of State tabulated 14 initial refusals of immigrant visa applications from Russian nationals during federal fiscal year 2016 and 11 initial refusals of immigrant visa applications from Russian nationals from October 1, 2019, to May 31, 2019. The rest of the third sentence of footnote 21 contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required.

85.     The defendants admit the allegations in the first sentence. The defendants admit the allegations in the second sentence that, on September 20, 2019, the District of Maryland denied the Government's motion to dismiss, that the court's opinion stated in part, "The focus of this litigation, the FAM's public charge provisions, contain all the hallmarks of a legislative rule," and that the court's opinion stated in part, "Therefore, I conclude that the City has adequately pleaded that the FAM is subject to notice and comment under the APA." The defendants deny the allegations in the rest of the second sentence. The third sentence contains the plaintiffs' characterizations of the court's opinion, not allegations of fact, so no response is required.

86.     The defendants admit the allegations in this paragraph that the Department of State published the October 2019 rule on October 11, 2019, and that three federal district courts issued preliminary injunctions against the August 2019 DHS rule later the same day. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that other courts were drafting decisions at the time. The defendants deny the allegations in the rest of this paragraph.

87.     The defendants admit the allegations in the first sentence that the October 2019

rule stated in part:

> This rulemaking is also intended to align the Department's standards with those of
> the Department of Homeland Security, to avoid situations where a consular officer
> will evaluate an alien's circumstances and conclude that the alien is not likely at
> any time to become a public charge, only for the Department of Homeland
> Security to evaluate the same alien when he seeks admission to the United States
> on the visa issued by the Department of State and finds the alien inadmissible on
> public charge grounds under the same facts.

The defendants deny the allegations in the rest of the first sentence. The second sentence

contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no

response is required.

88.     The first sentence contains the plaintiffs' characterizations of the October 2019

rule, not allegations of fact, so no response is required. The second sentence contains the

plaintiffs' characterizations of the October 2019 rule and the 1999 INS Field Guidance, not

allegations of fact, so no response is required.

89.     The defendants admit the allegations in this paragraph that the October 2019 rule

amends 22 C.F.R. § 40.41 to read in part:

> (b) *Public charge.* Public charge means, for the purpose of INA
> 212(a)(4)(A) and (B), an alien who receives one or more public benefits, as
> defined in paragraph (c) of this section, for more than 12 months in the aggregate
> within any 36-month period (such that, for instance, receipt of two benefits in one
> month counts as two months' worth of benefits).

The defendants deny the allegations in the rest of the first sentence. The defendants deny the

allegations in the second sentence.

90.     The first and second sentences contain the plaintiffs' characterizations of the

October 2019 rule, not allegations of fact, so no response is required. The defendants admit the

allegations in the third sentence and footnotes 22 and 23 that the October 2019 rule amends 22

C.F.R. § 40.41 to read in part:

(c) *Public benefit.* (1) Public benefit means any of the following forms of assistance received on or after October 15, 2019:

(i) Any Federal, State, local, or tribal cash assistance for income maintenance (other than tax credits), including:

(A) Supplemental Security Income (SSI), 42 U.S.C. 1381 *et seq.;*

(B) Temporary Assistance for Needy Families (TANF), 42 U.S.C. 601 et seq.;

(C) Federal, State or local cash benefit programs for income maintenance (often called "General Assistance" in the State context, but which also exist under other names); and

(ii) Supplemental Nutrition Assistance Program (SNAP), 7 U.S.C. 2011 *et seq.;*

(iii) Housing Choice Voucher Program, as authorized under section 8(o) of the United States Housing Act of 1937 (42 U.S.C. 1437f);

(iv) Project-Based Rental Assistance (including Moderate Rehabilitation) authorized under section 8 of the United States Housing Act of 1937 (42 U.S.C. 1437f);

(v) Medicaid under 42 U.S.C. 1396 *et seq.,* except for:

(A) Benefits received for an emergency medical condition as described in section 1903(v)(2)–(3) of Title XIX of the Social Security Act, 42 U.S.C. 1396b(v)(2)–(3), 42 CFR 440.255(c);

(B) Services or benefits funded by Medicaid but provided under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C. 1400 *et seq.;*

(C) School-based services or benefits provided to individuals who are at or below the oldest age eligible for secondary education as determined under State or local law; and

(D) Benefits received by an alien under 21 years of age, or a woman during pregnancy (and during the 60-day period beginning on the last day of the pregnancy).

(vi) Public Housing under section 9 of the U.S. Housing Act of 1937 (42 U.S.C. 1437g).

(2) Public benefit, as defined in this section, does not include any form of assistance listed in paragraphs (c)(1)(i) through (vi) of this section received by an alien who at the time of receipt of the public benefit, or at the time of visa

application or visa adjudication, is or was:

> (i) Enlisted in the U.S. Armed Forces under the authority of 10 U.S.C. 504(b)(1)(B) or 10 U.S.C. 504(b)(2), or

> (ii) Serving in active duty or in the Ready Reserve component of the U.S. Armed Forces, or

> (iii) Is the spouse or child as defined in INA101(b), of an individual described in paragraph (c)(2)(i) or (ii) of this section, or of a citizen of the United States described in paragraph (c)(2)(i) or (ii).

> (3) Public benefit, as defined in this section, does not include any form of assistance listed in paragraphs (c)(1)(i) through (vi) of this section received by an alien during periods in which the alien was present in the United States in an immigration category that is exempt from the public charge ground of inadmissibility, as set forth in 8 CFR 212.23(a), or for which the alien received a waiver of public charge inadmissibility from DHS. Public benefit does not include health services for immunizations and for testing and treatment of communicable diseases, including communicable diseases of public health significance as defined in 42 CFR part 34.

> (4) Public benefit, as defined in this section, does not include any form of assistance listed in paragraphs (c)(1)(i) through (vi) of this section that were or will be received by:

> (i) Children of U.S. citizens whose lawful admission as permanent residents and subsequent residence in the legal and physical custody of their U.S. citizen parent will result automatically in the child's acquisition of citizenship;

> (ii) Children of U.S. citizens whose lawful admission as permanent residents will result automatically in the child's acquisition of citizenship upon finalization of adoption; or

> (iii) Children of U.S. citizens who are entering the United States for the purpose of attending an interview under INA 322 in accordance with 8 CFR part 322.

The defendants deny the allegations in the rest of the third sentence and footnotes 22 and 23. The fourth sentence contains the plaintiffs' characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required.

91.     The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The second sentence contains the

plaintiffs' characterizations of the 1999 INS Field Guidance and the October 2019 rule, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

92.     The first sentence contains the plaintiffs' characterizations of the August 2019 DHS rule and the October 2019 rule, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required.

93.     The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences. The third sentence contains the plaintiffs' characterizations of the cited comment, not allegations of fact, so no response is required. The defendants admit the allegation in the fourth sentence that the cited report states in part, "If one considers benefit receipt of the U.S.-born citizens over the 1997–2017 period, some 43 to 52 percent received one of the benefits included in the proposed public charge definition." The rest of the fourth sentence contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required. The fifth sentence contains the plaintiffs' characterizations of the challenged actions and conclusions of law, not allegations of fact, so no response is required.

94.     This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

95.     The defendants admit the allegations in the first sentence that the October 2019 rule amends 22 C.F.R. § 40.41 to read in part:

> When considering the likelihood of an alien becoming a public charge at any time through receipt of public benefits, as defined in paragraph (c) of this section, consular officers will use a more likely than not standard and take into account the totality of the alien's circumstances at the time of visa application, including at a

> minimum: The alien's age; health; family status; assets, resources, and financial status; and education and skills.

The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

96–99.  These paragraphs and footnote 27 contain the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

100.    The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the October 2019 rule stated in part, "Likewise, in the case of a 17-year-old who has a credible offer of lawful employment that would make him- or herself-sufficient, the alien's age would be a negative factor, but a credible offer of employment that would make the alien self-sufficient would be a positive factor." The defendants deny the allegations in the rest of the second sentence. The defendants admit the allegations in the third sentence that the October 2019 rule stated in part:

> In codifying existing FAM guidance that an applicant's age above early retirement age is a negative factor in the totality of the circumstances if the consular officer believes it negatively affects the person's ability to work or may increase the potential for healthcare related costs, the Department does not intend this standard to imply that individuals over early retirement age are unable to work.

The rest of the third sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

101.    This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

102.    The first and second sentences contain the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The third sentence contains

the plaintiffs' characterizations of the August 2019 DHS rule, not allegations of fact, so no response is required.

103.    The first, second, and third sentences contain the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The defendants admit the allegations in the fourth sentence that the October 2019 rule stated in part, "In the totality of the circumstances review, the consular officer would take into consideration the likelihood that the sponsor actually would provide the required financial support, based on the any available relevant information about the sponsor." The rest of the fourth sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

104.    This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

105.    The defendants admit the allegations in the first sentence that the District of Maryland issued a ruling denying the defendants' motion to dismiss in *Mayor and City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452 (D. Md. 2019), on September 20, 2019. The rest of the first sentence contains the plaintiffs' characterization of the ruling in *Mayor and City Council of Baltimore*, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence.

106.    The defendants admit the allegations in the first sentence that the Department of State issued the October 2019 rule without prior notice and comment. The rest of the first sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the October 2019 rule stated in part, "The Department has concluded that the good cause exceptions in 5 U.S.C. 553(b)(B) and (d)(3) apply to this rule, as the delay associated with notice and comment

rulemaking would be impracticable, unnecessary, or contrary to the public interest." The rest of the second sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

107.    The defendants admit the allegations in the first sentence that 5 U.S.C. § 553(b)(B) states in part, "when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." The rest of the first sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that 5 U.S.C. § 553(d)(3) states in part, "(3) as otherwise provided by the agency for good cause found and published with the rule." The rest of the second sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the cited Congressional Research Service report, not allegations of fact, so no response is required.

108.    This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

109.    The defendants admit the allegations in this paragraph that the October 2019 rule stated in part, "Coordination of Department and DHS implementation of the public charge inadmissibility ground is critical to the Department's interest in preventing inconsistent adjudication standards and different outcomes between determinations of visa eligibility and determinations of admissibility at a port of entry." The rest of this paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

110.    The defendants admit the allegations in the first sentence that some courts held

hearings on motions for preliminary injunctions against the August 2019 DHS rule in the two

weeks before publication of the October 2019 rule, and that the October 2019 rule stated in part:

> If implementation of the rule is delayed pending completion of notice and
> comment, consular officers would apply public charge-related ineligibility
> standards differing from those applied by DHS and, consequently, might issue
> visas to applicants who would later arrive at a port of entry and be found
> inadmissible by U.S. Customs and Border Protection under the new DHS public
> charge standards, based on the same information that was presented to the
> adjudicating consular officer.

The rest of the first sentence contains the plaintiffs' characterizations of court hearings and the

October 2019 rule, not allegations of fact, so no response is required. The second sentence

contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no

response is required.

111.    This paragraph contains the plaintiffs' characterizations of the October 2019 rule,

not allegations of fact, so no response is required.

112.    The defendants admit the allegations in this paragraph that the October 2019 rule

stated that it was effective October 15, 2019, and indicated that the Department would accept

public comment until November 12, 2019. The defendants deny the allegations in the rest of this

paragraph.

113.    The defendants admit the allegations in the first sentence that on October 24,

2019, the Department of State published a 60-Day Notice of Proposed Information Collection:

Public Charge Questionnaire, 84 Fed. Reg. 57,142 (Oct. 24, 2019), requesting comments on a

proposed information collection through a form to be used in assessing whether a visa applicant

is likely to become a public charge. The defendants deny the allegations in the rest of the first

sentence. The defendants admit the allegations in the second sentence that the notice specified a

deadline for comments of December 23, 2019. The defendants deny the allegations in the rest of

the second sentence.

114.    The defendants deny the allegations in this paragraph.

115.    The first and second sentences contain the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence that the 1999 INS Field Guidance stated in part, "Second, non-cash benefits (other than institutionalization for long-term care) are by their nature supplemental and do not, alone or in combination, provide sufficient resources to support an individual or family." The rest of the third sentence contains the plaintiffs' characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' characterizations of the referenced government programs, not allegations of fact, so no response is required. The fifth sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

116.    The defendants admit the allegations in the first sentence that the Food Stamp Act of 1964, Pub. L. No. 88-525, 78 Stat. 703, stated in part:

> SEC. 2. It is hereby declared to be the policy of Congress, in order to promote the general welfare, that the Nation's abundance of food should be utilized cooperatively by the States, the Federal Government, and local governmental units to the maximum extent practicable to safeguard the health and well-being of the Nation's population and raise levels of nutrition among low-income households.

The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required.

117.    The first sentence contains the plaintiffs' characterizations of statutory and

regulatory provisions, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required. The third, fourth, fifth, sixth, and seventh sentences and footnote 33 contain the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

118.    The defendants admit the allegation in the first sentence that Congress created Medicaid in 1965. The rest of the first sentence contains the plaintiffs' characterizations of Medicaid, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence. The third sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The fourth and fifth sentences contain the plaintiffs' characterizations of the cited reports, not allegations of fact, so no response is required. The sixth sentence contains the plaintiffs' characterizations of the cited public comment, not allegations of fact, so no response is required.

119.    The first sentence contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required. The second sentence and footnote 40 contain the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the cited article, not allegations of fact, so no response is required.

120.    This paragraph contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

121.    The defendants admit the allegations in the first sentence. The second and third sentences contain the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

122.     This paragraph contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

123.     The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that many noncitizens fear that enrollment in state-funded programs and private coverage will carry adverse immigration consequences. The rest of the first sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence.

124.     The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The second, third, fourth, fifth, and sixth sentences contain the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

125.     The first sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The second and third sentences contain the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required.

126.     This paragraph contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required.

127.     The defendants admit the allegations in this paragraph.

128.     This paragraph contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

129.    The defendants admit the allegation in this paragraph that Proclamation No. 9945 states in part, "Healthcare providers and taxpayers bear substantial costs in paying for medical expenses incurred by people who lack health insurance or the ability to pay for their healthcare." The defendants deny the allegations in the rest of this paragraph.

130.    The defendants admit the allegation in the first sentence that Proclamation No. 9945 states in part, "In total, uncompensated care costs—the overall measure of unreimbursed services that hospitals give their patients—have exceeded $35 billion in each of the last 10 years." The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

131.    This paragraph contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

132.    The defendants admit the allegation in the first sentence that Proclamation No. 9945 states in part, "Beyond imposing higher costs on hospitals and other healthcare infrastructure, uninsured individuals often use emergency rooms to seek remedies for a variety of non-emergency conditions, causing overcrowding and delays for those who truly need emergency services." The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

133.    The defendants admit the allegation in the first sentence that Proclamation No. 9945 states in part, "While our healthcare system grapples with the challenges caused by uncompensated care, the United States Government is making the problem worse by admitting thousands of aliens who have not demonstrated any ability to pay for their healthcare costs." The

defendants deny the allegations in the rest of the first sentence. The defendants admit the allegation in the second sentence that Proclamation No. 9945 states in part, "Notably, data show that lawful immigrants are about three times more likely than United States citizens to lack health insurance." The defendants deny the allegations in the rest of the second sentence.

134.    The defendants admit the allegation in the first sentence that Proclamation No. 9945 states in part in section 1(a), "The entry into the United States as immigrants of aliens who will financially burden the United States healthcare system is hereby suspended and limited subject to section 2 of this proclamation," and states in part:

> NOW, THEREFORE, I, DONALD J. TRUMP, by the authority vested in me by the Constitution and the laws of the United States of America, including sections 212(f) and 215(a) of the Immigration and Nationality Act (8 U.S.C. 1182(f) and 1185(a)) and section 301 of title 3, United States Code, hereby find that the unrestricted immigrant entry into the United States of persons described in section 1 of this proclamation would, except as provided for in section 2 of this proclamation, be detrimental to the interests of the United States, and that their entry should be subject to certain restrictions, limitations, and exceptions.

The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

135.    The defendants admit the allegations in this paragraph that Proclamation No. 9945 states in part in section 1(a):

> An alien will financially burden the United States healthcare system unless the alien will be covered by approved health insurance, as defined in subsection (b) of this section, within 30 days of the alien's entry into the United States, or unless the alien possesses the financial resources to pay for reasonably foreseeable medical costs.

The defendants deny the allegations in the rest of this paragraph.

136.    The defendants admit the allegations in this paragraph that Proclamation No. 9945 states in part in section 1:

(b) Approved health insurance means coverage under any of the following plans or programs:

(i) an employer-sponsored plan, including a retiree plan, association health plan, and coverage provided by the Consolidated Omnibus Budget Reconciliation Act of 1985;

(ii) an unsubsidized health plan offered in the individual market within a State;

(iii) a short-term limited duration health policy effective for a minimum of 364 days—or until the beginning of planned, extended travel outside the United States;

(iv) a catastrophic plan;

(v) a family member's plan;

(vi) a medical plan under chapter 55 of title 10, United States Code, including coverage under the TRICARE program;

(vii) a visitor health insurance plan that provides adequate coverage for medical care for a minimum of 364 days—or until the beginning of planned, extended travel outside the United States;

(viii) a medical plan under the Medicare program; or

(ix) any other health plan that provides adequate coverage for medical care as determined by the Secretary of Health and Human Services or his designee.

(c) For persons over the age of 18, approved health insurance does not include coverage under the Medicaid program.

The defendants deny the allegations in the rest of this paragraph.

137–139.    These paragraphs and footnote 47 contain the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

140.    The defendants admit the allegations in the first sentence that Proclamation No. 9945 states in part:

**Sec. 4.** *Reports on the Financial Burdens Imposed by Immigrants on the Healthcare System.* (a) The Secretary of State, in consultation with the Secretary of Health and Human Services, the Secretary of Homeland Security, and the heads of other appropriate agencies, shall submit to the President a report regarding:

(i) the continued necessity of and any adjustments that may be warranted to the suspension and limitation on entry in section 1 of this proclamation; and

(ii) other measures that may be warranted to protect the integrity of the United States healthcare system.

(b) The report required by subsection (a) of this section shall be submitted within 180 days of the effective date of this proclamation, with subsequent reports submitted annually thereafter throughout the effective duration of the suspension and limitation on entry set forth in section 1 of this proclamation.

The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

141.    This paragraph contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

142.    The defendants admit the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of actions of the Department of State, not allegations of fact, so no response is required.

143.    The defendants admit the allegations in this paragraph that on October 24, 2019, the Department of State published a 60-Day Notice of Proposed Information Collection: Public Charge Questionnaire, 84 Fed. Reg. 57,142 (Oct. 24, 2019), requesting comments on a proposed information collection through a new Form DS-5540. The defendants deny the allegations in the rest of this paragraph.

144.    This paragraph contains the plaintiffs' characterizations of the draft Form DS-5540, not allegations of fact, so no response is required.

145.    The defendants admit the allegations in the first sentence that on October 30, 2019, the Department of State published a Notice of Information Collection Under OMB Emergency Review: Immigrant Health Insurance Coverage, 84 Fed. Reg. 58,199 (Oct. 30, 2019),

referencing "*Form Number:* DS-5541 (oral information collection)." The defendants deny the allegations in the rest of the first sentence. The defendants admit the allegations in the second sentence that the October 2019 Notice of Information Collection stated in part, "PP 9945 was signed on October 4, 2019, and emergency review of this information collection is necessary for the Department to prepare consular officers to implement PP 9945 when it goes into effect on November 3, 2019." The defendants deny the allegations in the rest of the second sentence.

146.    The first sentence contains the plaintiffs' characterizations of the October 2019 Notice of Information Collection, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the October 2019 Notice of Information Collection stated in part, "Consular officers will verbally ask immigrant visa applicants covered by PP 9945 whether they will be covered by health insurance in the United States within 30 days of entry to the United States and, if so, for details relating to such insurance." The defendants deny the allegations in the rest of the second sentence.

147.    This paragraph contains the plaintiffs' characterizations of the October 2019 Notice of Information Collection, not allegations of fact, so no response is required.

148.    The defendants admit the allegations in the first sentence that the October 2019 Notice of Information Collection stated in part, "Reasonably foreseeable medical expenses are those expenses related to existing medical conditions, relating to health issues existing at the time of visa adjudication." The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of the October 2019 Notice of Information Collection, not allegations of fact, so no response is required.

149.    The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of facts and conclusions of law, not allegations of fact,

so no response is required.

150.    The defendants admit the allegations in the first sentence. The second sentence

contains the plaintiffs' characterizations of the referenced documents, not allegations of fact, so

no response is required.

151.    The defendants admit the allegations in the first sentence that a document

prepared as an All Diplomatic and Consular Posts Collective cable dated October 30, 2019,

stated in part:

> 16. (SBU)P.P. 9945 provides an exception for "any alien whose entry would be in
> the national interest, as determined by the Secretary of State or his designee on a
> case-by-case basis." Consular officers should only consider the following
> circumstances as possibly satisfying the national interest exception:
>
> •    Foreign Relations: Refusal of the immigrant visa application would
>      become a bilateral irritant or be raised by a foreign government with a
>      high-ranking U.S. government official;
>
> •    National Security: Admission to the United States would advance a
>      U.S. national security interest;
>
> •    Significant Public Interest: Admission to the United States would
>      advance a significant U.S. public interest; or
>
> •    Urgent Humanitarian or Medical Reasons: Admission to the United
>      States is warranted due to urgent humanitarian or medical reasons.
>
> If a consular officer determines that an applicant is ineligible under this
> P.P. 9945 but believes the applicant's entry may be in the national interest
> under this criteria, then the consular officer should refuse the applicant
> under INA 221(g) and submit an email to their VO/F post liaison officer to
> request the Department's approval of an exemption.

The defendants deny the allegations in the rest of this paragraph.

152.    The defendants admit the allegations in this paragraph that the ALDAC stated in

part, "Posts may not begin implementing P.P.9945 until we update the FAM after receiving

approval from the Office of Management and Budget (OMB), under the Paperwork Reduction

Act, of our proposed information collection concerning health insurance-related information."

The rest of this paragraph contains the plaintiffs' characterizations of the ALDAC, not allegations of fact, so no response is required.

153.    The first sentence contains the plaintiffs' characterizations of facts and conclusions of law, not allegations of fact, so no response is required. The second and third sentences contain the plaintiffs' characterizations of facts, not allegations of fact, so no response is required.

154.    The defendants admit the allegations in the first sentence that on October 30, 2019, seven individual plaintiffs and one organization filed an action challenging Proclamation No. 9945, *Doe v. Trump*, No. 19-cv-1743 (D. Or. filed Oct. 30, 2019). The defendants deny the allegations in the rest of the first sentence. The defendants admit the allegations in the second sentence that on November 2, 2019, the district court granted the plaintiffs' motion for a temporary restraining order and entered a temporary restraining order against enforcement or implementation of Proclamation No. 9945. The defendants deny the allegations in the rest of the second sentence. The defendants admit the allegations in the third sentence that on November 26, 2019, the district court entered a preliminary injunction against enforcement or implementation of Proclamation No. 9945. The defendants deny the allegations in the rest of the third sentence.

155.    The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of this Court's ruling in *Make the Road New York v. Cuccinelli*, 419 F. Supp. 3d 647 (S.D.N.Y. 2019), not allegations of fact, so no response is required.

156.    This paragraph contains the plaintiffs' characterizations of facts and conclusions of law, not allegations of fact, so no response is required.

157.    The defendants admit the allegations in the first sentence that the Immigration Act

of 1882 provided in part that "any person unable to take care of himself or herself without becoming a public charge . . . shall not be permitted to land" at a port. The defendants deny the allegations in the rest of the first sentence. The defendants admit the allegations in the second sentence that later statutes, including the present 8 U.S.C. § 1182(a)(4)(A), have employed the phrase "likely to become a public charge." The rest of the second sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

158.    This paragraph contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

159.    This paragraph contains the plaintiffs' characterizations of court decisions, not allegations of fact, so no response is required.

160.    The first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The second and third sentences and footnote 51 contain the plaintiffs' characterizations of the cited reports and the cited book, not allegations of fact, so no response is required.

161.    This paragraph contains the plaintiffs' characterizations of administrative decisions, not allegations of fact, so no response is required.

162.    The defendants admit the allegations in the first sentence that *Matter of B——*, 3 I. & N. Dec. 323 (B.I.A. 1948, Att'y Gen. 1948), stated in part, "The acceptance by an alien of services provided by a State or by a subdivision of a State to its residents, services for which no specific charge is made, does not in and of itself make the alien a public charge within the meaning of the 1917 act." The defendants deny the allegations in the rest of the first sentence. The second and third sentences and footnote 52 contain the plaintiffs' characterizations of administrative decisions, not allegations of fact, so no response is required.

163.    The defendants admit the allegations in the first sentence that the Immigration Act of 1952 contained a reference to "Aliens who, in the opinion of the consular officer at the time of application for a visa, or in the opinion of the Attorney General at the time of application for admission, are likely at any time to become public charges." The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of the cited Senate Report, not allegations of fact, so no response is required.

164.    This paragraph and footnote 53 contain the plaintiffs' characterizations of administrative decisions, not allegations of fact, so no response is required.

165.    The first and second sentences contain the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The third sentence and footnote 54 contain the plaintiffs' characterizations of the cited House Report, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' characterizations of the cited statement, not allegations of fact, so no response is required.

166.    The defendants admit the allegations in the first sentence that, in 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104-193, 110 Stat. 2105, and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, div. C, 110 Stat. 3009-546. The rest of the first sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The second, third, fourth, and fifth sentences and footnote 56 contain the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. Footnote 57 contains the plaintiffs' characterizations of the August 2019 DHS rule, not allegations of fact, so no response is required.

167–168.    These paragraphs contain the plaintiffs' characterizations of statutory

provisions, not allegations of fact, so no response is required.

169.    The first sentence contains the plaintiffs' characterizations of the cited House Report, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the referenced bill, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the cited statement, not allegations of fact, so no response is required.

170.    The first sentence contains the plaintiffs' characterizations of the cited statements, not allegations of fact, so no response is required. The defendants admit the allegations in the second and third sentences that, in a statement included in S. Rep. No. 104-249 (1996), Sen. Patrick Leahy stated in part, "It is too quick to label people as public charges for utilizing the same public assistance that many Americans need to get on their feet"; "In addition, I am disturbed that the definition of public charge goes too far in including a vast array of programs none of us think of as welfare"; and "The bill is unnecessarily uncertain and will yield harsh and idiosyncratic results that no one should intend." The defendants deny the allegations in the rest of the second and third sentences.

171.    The first and second sentences contain the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence that on September 30, 1996, Sen. Jon Kyl stated in part, "Notwithstanding this strong support, in order to ensure passage of this historic immigration measure, important provisions of title 5 have been deleted;" and

> Another provision that was removed from title 5 would have clarified the definition of ''public charge.'' Under the House-passed conference report, an immigrant could be deported—but would not necessarily be deported—if he or she received Federal public benefits for an aggregate of 12 months over a period of 7 years. That provision was dropped during Saturday's negotiations.

The defendants deny the allegations in the rest of the third sentence.

172.     This paragraph contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

173.     The first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the referenced proposed amendment, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence.

174.     This paragraph contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required.

175.     This paragraph contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

176.     The first and second sentences contain the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence. The fourth, fifth, and sixth sentences contain the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

177–178.     These paragraphs and footnote 59 contain the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

179.     The first sentence contains the plaintiffs' characterizations of unspecified administrative guidance, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence. The third sentence contains the plaintiffs' characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required.

180.     The defendants admit the allegations in the first sentence that the 1999 INS Field Guidance stated in part:

> That rule proposes that "public charge" means an alien who has become (for deportation purposes) or who is likely to become (for admission/adjustment purposes) "primarily dependent on the government for subsistence, as demonstrated by either (i) the receipt of public cash assistance for income maintenance or (ii) institutionalization for long-term care at government expense."

The defendants deny the allegations in the rest of the first sentence. The second sentence contains the plaintiffs' characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required. The defendants admit the allegations in footnote 60 that the 1999 INS Field Guidance stated in part, "Second, non-cash benefits (other than institutionalization for long-term care) are by their nature supplemental and do not, alone or in combination, provide sufficient resources to support an individual or family"; and "Finally, certain federal, state, and local benefits are increasingly being made available to families with incomes far above the poverty level, reflecting broad public policy decisions about improving general public health and nutrition, promoting education, and assisting working-poor families in the process of becoming self-sufficient"; and "In adopting this new definition, the Service does not expect to substantially change the number of aliens who will be found deportable or inadmissible as public charges." The defendants deny the allegations in the rest of footnote 60. The defendants admit the allegations in the third sentence that the 1999 INS Field Guidance stated in part, "It has never been Service policy that any receipt of services or benefits paid for in whole or in part from public funds renders an alien a public charge, or indicates that the alien is likely to become a public charge." The defendants deny the allegations in the rest of the third sentence.

181.    The first sentence contains the plaintiffs' characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the 1999 INS Field Guidance was DHS policy until adoption of the April 2019 DHS rule. The second sentence otherwise contains the plaintiffs'

characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of facts and the 1999 INS Field Guidance, not allegations of fact, so no response is required.

182–183.     The defendants deny the allegations in these paragraphs.

184.     This paragraph contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

185.     The defendants deny the allegations in this paragraph.

186.     The defendants deny the allegations in the first sentence that Proclamation No. 9945 contains the quoted language. The rest of the first sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required. The defendants deny the allegations in the second sentence.

187.     The defendants deny the allegations in this paragraph.

188.     The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

189.     The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance and the October 2019 rule and conclusions of law, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of Proclamation No. 9945 and conclusions of law, not allegations of fact, so no response is required. The defendants deny the allegations in the fourth sentence.

190.     The first and second sentences contain the plaintiffs' conclusions of law, not allegations of fact, so no response is required. The defendants admit the allegations in the third

sentence that 22 C.F.R. § 142.4(b)(4) states in part:

> (4) A recipient may not, directly or through contractual or other arrangements, utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination with respect to another recipient if both recipients are subject to common administrative control or are agencies of the same State.

The defendants deny the allegations in the rest of the third sentence.

191.    The defendants deny the allegations in this paragraph.

192.    The defendants admit the allegations in this paragraph that the October 2019 rule states in part, under 22 C.F.R. § 40.41(a)(2):

> Consular officers will consider whether the alien's health is a positive or negative factor in the totality of the circumstances, including whether the alien, has been diagnosed with a medical condition that is likely to require extensive medical care or institutionalization, or that will interfere with the alien's ability to provide and care for himself or herself, to attend school, or to work, if authorized.

The defendants deny the allegations in the rest of this paragraph.

193.    This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

194.    The first and second sentences contain the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The defendants admit the allegations in the third sentence that the August 2019 DHS rule states in part, "DHS also disagrees that it is impermissibly counting factors twice. DHS acknowledges that multiple factors may coincide or relate to each other and emphasizes that the public charge determination reviews all factors in the totality of the circumstances." The rest of the third sentence contains the plaintiffs' characterizations of the August 2019 DHS rule and the October 2019 rule, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs'

characterizations of the October 2019 rule, not allegations of fact, so no response is required.

195.    This paragraph contains the plaintiffs' characterizations of unspecified "Proclamation Implementing Actions," not allegations of fact, so no response is required.

196.    This paragraph contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

197.    The first sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of unspecified "Proclamation Implementing Actions," not allegations of fact, so no response is required. Footnote 63 contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

198.    The defendants deny the allegations in this paragraph.

199.    The first and second sentences contain the plaintiffs' characterizations of the January 2018 FAM guidance, the October 2019 rule, and Proclamation No. 9945, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance and the October 2019 rule, not allegations of fact, so no response is required.

200.    This paragraph contains the plaintiffs' characterizations of the January 2018 FAM guidance and the October 2019 rule, not allegations of fact, so no response is required.

201.    The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance, not allegations of fact, so no response is required.

202.    The first sentence contains the plaintiffs' characterizations of the January 2018

FAM guidance, the October 2019 rule, and Proclamation No. 9945, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

203.    This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

204.    The first sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the Department of State established a new form DS-5540 and published the October 2019 Notice of Information Collection. The defendants deny the allegations in the rest of the second sentence. The third and fourth sentences contain the plaintiffs' characterizations of the October 2019 Notice of Information Collection, not allegations of fact, so no response is required. The fifth sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required. The sixth sentence contains the plaintiffs' characterizations of Proclamation No. 9945 and the October 2019 Notice of Information Collection, not allegations of fact, so no response is required. The seventh and eighth sentences contain the plaintiffs' characterizations of actions of unspecified agency actions, not allegations of fact, so no response is required. The ninth sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

205.    The defendants deny the allegations in this paragraph.

206.    The defendants admit the allegations in the first sentence that on October 10, 2018, DHS published a notice of proposed rulemaking, Inadmissibility on Public Charge Grounds, 83 Fed. Reg. 51,114 (proposed Oct. 10, 2018). The rest of the first sentence contains the plaintiffs' characterizations of the October 2018 notice of proposed rulemaking, not

allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the Department of State did not provide for notice and comment when it issued the January 2018 FAM guidance and did not provide for prior notice and comment when it issued the October 2019 rule and that the Department of State did not issue Proclamation No. 9945. The defendants deny the allegations in the rest of the second sentence. The defendants admit the allegations in the third sentence that the Department of State issued the October 2019 rule on October 11, 2019, with an effective date of October 15, 2019. The rest of the third sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance and the ruling in *Mayor and City Council of Baltimore*, not allegations of fact, so no response is required. The defendants deny the allegations in the fourth sentence that the Department of State published the October 2019 Notice of Information Collection with a 2-day comment period. The rest of the fourth sentence contains the plaintiffs' characterizations of agency actions, not allegations of fact, so no response is required.

207.    The first sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the Department of State did not provide for notice and comment when it issued the January 2018 FAM guidance. The rest of the second sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance, not allegations of fact, so no response is required. The defendants deny the allegations in the third and fourth sentences. The defendants admit the allegations in the fifth sentence that the Department of State did not provide for notice and comment when it issued the January 2018 FAM guidance. The rest of the fifth sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required. The sixth sentence contains the plaintiffs' conclusions of law, not

allegations of fact, so no response is required.

208.    The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the Department of State did not provide for prior notice and comment when it issued the October 2019 rule and that the Department of State issued the October 2019 rule on October 11, 2019, with an effective date of October 15, 2019. The defendants deny the allegations in the rest of the second sentence. The third sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

209.    The first sentence contains the plaintiffs' characterizations of unspecified agency actions, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the Department of State published the October 2019 Notice of Information Collection on October 30, 2019, with a request for comments by October 31, 2019. The defendants deny the allegations in the rest of the second sentence. The third sentence contains the plaintiffs' characterizations of the October 2019 Notice of Information Collection, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

210.    The defendants deny the allegations in this paragraph.

211.    The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the October 2019 rule January 2018 FAM guidance, not allegations of fact, so no response is required.

212.    The first and second sentences contain the plaintiffs' characterizations of unspecified agency actions, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The defendants deny the allegations in the fourth sentence.

213–214.    These paragraphs contain the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

215.    The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

216.    This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

217.    The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the 1999 INS Field Guidance, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of facts and the October 2019 rule, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The fifth sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance and the October 2019 rule, not allegations of fact, so no response is required.

218.    This paragraph contains the plaintiffs' characterizations of unspecified Government actions and conclusions of law, not allegations of fact, so no response is required.

219.     The first sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance, the October 2019 rule, Proclamation No. 9945, the August 2019 DHS rule, and the cited document, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited document, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of unspecified Government actions and the cited document, not allegations of fact, so no response is required.

220.     The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

221.     The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of the January 2018 FAM guidance, the October 2019 rule, and Proclamation No. 9945, not allegations of fact, so no response is required.

222.     The first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants deny the allegations in the second sentence. The third sentence contains the plaintiffs' characterizations of the cited press report, not allegations of fact, so no response is required.

223.     The first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that the Department of State tabulated 7 initial refusals of immigrant visa applications from Mexican nationals during federal fiscal year 2016 and 5,343 initial refusals of immigrant visa applications from Mexican nationals from October 1, 2019, to May 31, 2019. The defendants deny the allegations in the rest of the second sentence. The third sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants admit the allegations in the first sentence of footnote 69 that the Department of State tabulated 2

initial refusals of immigrant visa applications from Pakistani nationals during federal fiscal year

2016 and 563 initial refusals of immigrant visa applications from Pakistani nationals from

October 1, 2019, to May 31, 2019. The defendants deny the allegations in the rest of the first

sentence of footnote 69. The defendants admit the allegations in the second sentence of footnote

69 that that the Department of State tabulated 324 initial refusals of immigrant visa applications

from Bangladeshi nationals during federal fiscal year 2017 and 1,262 initial refusals of

immigrant visa applications from Bangladeshi nationals from October 1, 2019, to May 31, 2019.

The defendants deny the allegations in the rest of the second sentence of footnote 69. The fourth

sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response

is required. The defendants admit the allegations in the first sentence of footnote 70 that the

Department of State tabulated 1 initial refusal of an immigrant visa application from a Spanish

national during federal fiscal year 2016 and 1 initial refusal of an immigrant visa application

from a Spanish national from October 1, 2019, to May 31, 2019. The rest of the first sentence of

footnote 70 contains the plaintiffs' characterizations of facts, not allegations of fact, so no

response is required. The defendants admit the allegations in the second sentence of footnote 70

that the Department of State tabulated 1 initial refusal of an immigrant visa application from a

Bulgarian national during federal fiscal year 2016, 2 initial refusals of immigrant visa

applications from Bulgarian nationals from October 1, 2019, to May 31, 2019, 2 initial refusals

of immigrant visa applications from German nationals during federal fiscal year 2016, and 3

initial refusals of immigrant visa applications from German nationals from October 1, 2019, to

May 31, 2019. The rest of the second sentence of footnote 70 contains the plaintiffs'

characterizations of facts, not allegations of fact, so no response is required. The defendants

admit the allegations in the third sentence of footnote 70 that the Department of State tabulated

14 initial refusals of immigrant visa applications from Russian nationals during federal fiscal year 2016 and 11 initial refusals of immigrant visa applications from Russian nationals from October 1, 2019, to May 31, 2019. The rest of the third sentence of footnote 70 contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required.

224.     The first sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required. The third, fourth, fifth, and sixth sentences contain the plaintiffs' characterizations of the cited comment, not allegations of fact, so no response is required.

225.     This paragraph contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required.

226.     This paragraph contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required.

227.     This paragraph contains the plaintiffs' characterizations of the January 2018 FAM guidance and the October 2019 rule, not allegations of fact, so no response is required.

228.     The first sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited press report, not allegations of fact, so no response is required. The third and fourth sentences contain the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

229.     The defendants deny the allegations in the first sentence. The second and third sentences contains the plaintiffs' characterizations of unspecified Government actions and statements and the cited press report, not allegations of fact, so no response is required.

230.    This paragraph contains the plaintiffs' characterizations of the cited press reports, not allegations of fact, so no response is required.

231.    The first sentence contains the plaintiffs' characterizations of the cited tweet, not allegations of fact, so no response is required. The second and third sentences contain the plaintiffs' characterizations of the cited press reports, not allegations of fact, so no response is required.

232.    The first sentence contains the plaintiffs' characterizations of unspecified statements, not allegations of fact, so no response is required. The second and third sentences contain the plaintiffs' characterizations of the cited press reports, not allegations of fact, so no response is required.

233.    This paragraph contains the plaintiffs' characterizations of the cited press reports, not allegations of fact, so no response is required.

234.    The first sentence contains the plaintiffs' characterizations of unspecified statements, not allegations of fact, so no response is required. The defendants admit the allegations in the second sentence that Senior Policy Advisor Stephen Miller stated in part in a press briefing,

> At the same time, it has cost taxpayers enormously because roughly half of immigrant head of households in the United States receive some type of welfare benefit — which I know is a fact that many people might consider astonishing, but it's not surprising when you have an immigration system that doesn't look at questions like skill level or self-sufficiency.

and "And their recent study said that as much as $300 billion a year may be lost as a result of our current immigration system in terms of folks drawing more public benefits than they're paying in." The defendants deny the allegations in the rest of the second sentence. The third sentence contains the plaintiffs' characterizations of the statements, not allegations of fact, so no response is required.

235.    The first sentence contains the plaintiffs' characterizations of unspecified Government actions, not allegations of fact, so no response is required. The second, third, fourth, and fifth sentences contain the plaintiffs' characterizations of the cited press reports, not allegations of fact, so no response is required.

236.    This paragraph contains the plaintiffs' characterizations of the cited report, not allegations of fact, so no response is required.

237–238.    These paragraphs contain the plaintiffs' characterizations of the cited court decisions, not allegations of fact, so no response is required.

239.    The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' ccharacterizations of the January 2018 FAM guidance, the October 2019 rule, and Proclamation No. 9945, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

240.    The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the cited court decision, not allegations of fact, so no response is required.

241.    The first sentence contains the plaintiffs' characterizations of facts and the cited court decision, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited court decision, not allegations of fact, so no response is required.

242.    The first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The second and third sentences contain the plaintiffs'

characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

243.    The first sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

244.    This paragraph contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

245.    The first sentence contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of statutory and regulatory provisions, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of statutory and regulatory provisions and Proclamation No. 9945, not allegations of fact, so no response is required. The defendants admit the allegations in the fourth sentence that Short-Term Limited Duration Insurance and emergency travel plans are generally not sold on Affordable Care Act Exchanges. The defendants deny the allegations in the fourth sentence that catastrophic plans are not sold on ACA Exchanges. The rest of the fourth sentence contains the plaintiffs' characterizations of statutory and regulatory provisions and conclusions of law, not allegations of fact, so no response is required. The fifth sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required.

246.    This paragraph contains the plaintiffs' characterizations of Proclamation No. 9945, not allegations of fact, so no response is required.

247.    This paragraph contains the plaintiffs' characterizations of Proclamation No. 9945

and statutory provisions and conclusions of law, not allegations of fact, so no response is required.

248.    The defendants deny the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of Proclamation No. 9945 and statutory provisions and conclusions of law, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required. The fourth sentence contains the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

249.    The defendants deny the allegations in the first and second sentences. The third sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The defendants deny the allegations in the fourth sentence.

250.    The first sentence contains the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The second sentence contains the plaintiffs' characterizations of the cited press report, not allegations of fact, so no response is required. The third sentence contains the plaintiffs' characterizations of the October 2019 rule, not allegations of fact, so no response is required. The fourth and fifth sentences contain the plaintiffs' characterizations of the cited reports, not allegations of fact, so no response is required. The defendants deny the allegations in the sixth sentence.

251.    The defendants deny the allegations in this paragraph.

252–254.    The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in these paragraphs.

255.    The defendants deny the allegations in the first sentence. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the

second, third, fourth, fifth, sixth, seventh, and eighth sentences.

256.    The defendants deny the allegations in this paragraph.

257.    The defendants deny the allegations in the first sentence. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, fourth, fifth, sixth, seventh, eighth, and ninth sentences.

258.    The first and second sentences contain the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required. The defendants deny the allegations in the third sentence.

259.    The defendants deny the allegations in the first sentence. The second, third, fourth, fifth, sixth, and seventh sentences contain the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required. The eighth sentence contains plaintiffs' characterizations of the January 2018 FAM guidance, the October 2019 rule, and Proclamation No. 9945, not allegations of fact, so no response is required. The ninth sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required.

260.    The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences. The defendants deny the allegations in the third sentence. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fourth, fifth, and sixth sentences.

261.    The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. The second sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required. The defendants lack knowledge or information sufficient to form a belief about the truth of the

allegations in the third, fourth, and fifth sentences.

262.     The first and second sentences contain the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required. The third and fourth sentences contain the plaintiffs' characterizations of statutory and regulatory provisions and Proclamation No. 9945, not allegations of fact, so no response is required. The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence. The defendants deny the allegations in the sixth sentence.

263.     This paragraph contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required.

264.     The first sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required. The defendants deny the allegations in the second sentence. The third and fourth sentences contain the plaintiffs' characterizations of facts, not allegations of fact, so no response is required. The fifth sentence contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required.

265.     This paragraph contains the plaintiffs' characterizations of their activities, not allegations of fact, so no response is required.

266.     The defendants restate their responses to paragraphs 1 to 265 above.

267.     This paragraph contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

268.     This paragraph states the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

269–273.     The defendants deny the allegations in these paragraphs.

274.     The defendants restate their responses to paragraphs 1 to 273 above.

275.    This paragraph contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

276–278.    These paragraphs state the plaintiffs' conclusions of law, not allegations of fact, so no response is required.

279.    This paragraph contains the plaintiffs' characterizations of statutory provisions, not allegations of fact, so no response is required.

280–281.    The defendants deny the allegations in these paragraphs.

282.    The defendants restate their responses to paragraphs 1 to 281 above.

283.    This paragraph contains the plaintiffs' characterizations of constitutional provisions, not allegations of fact, so no response is required.

284–285.    The defendants deny the allegations in these paragraphs.

286.    The defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

287–289.    The defendants deny the allegations in these paragraphs.

290.    The defendants restate their responses to paragraphs 1 to 289 above.

291.    The defendants deny the allegations in this paragraph.

292.    This paragraph contains the plaintiffs' characterizations of the cited court decision, not allegations of fact, so no response is required.

293–294.    The defendants deny the allegations in these paragraphs.

The remaining paragraphs contain plaintiffs' requests for relief, not allegations of fact, so no response is required. To the extent a response is deemed necessary, the defendants deny the allegations contained in these paragraphs and aver that the plaintiffs are not entitled to any relief.

Any allegation not specifically addressed in the numbered paragraphs above is denied.

Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding defendants costs and such other relief as the Court may deem appropriate.

Date: September 28, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

/s/ JAMES C. LUH
JAMES C. LUH
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St NW
Washington DC 20530
Tel: (202) 514-4938
E-mail: James.Luh@usdoj.gov
Attorneys for Defendants