July 20, 2022

By ECF

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

## MEMO ENDORSED.

Re:     Joint status letter and unopposed request to extend the stay of proceedings in
*Make the Road New York v. Blinken*, No. 19-cv-11633

Dear Judge Wang:

The parties are submitting this joint status letter in light of the Court's March 24, 2022, Order, ECF No. 130, which extended the stay in this case to July 20, 2022. The defendants request that the Court extend the stay of proceedings in this action for 90 days (until October 18, 2022) as detailed further below.

The plaintiffs in this case are challenging three Government actions that pertain to the entry of persons into the United States: (1) a January 2018 revision to portions of the Department of State Foreign Affairs Manual, 9 FAM § 302.8-2, pertaining to evaluation of whether a visa applicant is likely to become a "public charge" under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(4); (2) the President's October 2019 Proclamation concerning Suspension of Entry of Immigrants Who Will Financially Burden the United States Healthcare System, in Order to Protect the Availability of Healthcare Benefits for Americans, Proclamation No. 9945, 84 Fed. Reg. 53,991 (Oct. 4, 2019); and (3) the October 2019 interim final rule published by the Department of State amending its regulation governing the application of the "public charge" provision, 22 C.F.R. § 40.41, Visas: Ineligibility Based on Public Charge Grounds, 84 Fed. Reg. 54,996 (Oct. 11, 2019).

None of these actions is currently being applied. The January 2018 guidance was superseded by new guidance reflecting the October 2019 rule and is no longer in use. The President revoked the October 2019 Proclamation on May 14, 2021. Proclamation No. 10,209, 86 Fed. Reg. 27,015 (May 14, 2021). The defendants' view is that the claims pertaining to the January 2018 guidance and the October 2019 Proclamation are moot.

The Court entered a preliminary injunction in July 2020 barring enforcement of all three challenged actions. Mem. Decision and Order 52, ECF No. 88. The defendants filed an appeal from the July 2020 preliminary injunction, but the parties stipulated to dismissal of the appeal. *See* Mandate, ECF No. 118.

On February 2, 2021, the President issued an Executive Order calling for the Secretary of State to review agency actions related to implementation of the public charge ground of inadmissibility, 8 U.S.C. § 1182(a)(4)(A). Exec. Order No. 14,012, 86 Fed. Reg. 8277 (Feb. 2, 2021). In light of that Executive Order and the review the Department of State is conducting

under that Order, the defendants requested a 90-day stay of proceedings. Judge Daniels granted that request in a February 22, 2021, Order, ECF No. 110. This Court extended that stay until November 22, 2021, and then until March 22, 2022, and July 20, 2022. *See* Order, ECF No. 117; Order, ECF No. 122; Order, ECF No. 125; Order, ECF No. 130.

In light of changed circumstances since the publication of the October 2019 rule, on November 17, 2021, the Department of State published a notice in the Federal Register soliciting additional information from the public and reopening the comment period for 60 days. Visas: Ineligibility Based on Public Charge Grounds, 86 Fed. Reg. 64,070 (Nov. 17, 2021). The additional comment period closed on January 18, 2022. The Department of State is reviewing the comments received and considering next steps. The Department of State is also preparing a notice of proposed rulemaking proposing revision of its public charge rule, as noted in the Spring 2022 Unified Agenda of Regulatory and Deregulatory Actions. *See* https://www.reginfo.gov /public/do/eAgendaViewRule?pubId=202204&RIN=1400-AE87.

In light of the Executive Order, the review the Department of State is conducting under the Order, and the further anticipated action described above, the defendants request that the Court extend the stay of proceedings in this action for 90 days (until October 18, 2022). The plaintiffs do not oppose the request in light of this Court's preliminary injunction remaining in effect, though they reserve the right to seek to advance the case if circumstances change. The defendants agree that a stay should not preclude either side from making a request to lift the stay if circumstances change.

Accordingly, the defendants respectfully request that the Court extend the stay of proceedings in this action for 90 days (until October 18, 2022).

Sincerely,

/s/ James C. Luh
James C. Luh
Senior Trial Counsel
United States Department of Justice

/s/ Andrew J. Ehrlich
Andrew J. Ehrlich
Paul, Weiss, Rifkind, Wharton, & Garrison LLP
Counsel to Plaintiffs

Cc: All counsel of record via ECF

Application **GRANTED**. The stay is extended to October 18, 2022.

**SO ORDERED.**

_____
Ona T. Wang               7/21/22
U.S.M.J.