UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

MAKE THE ROAD NEW YORK, AFRICAN
SERVICES COMMITTEE, CENTRAL AMERICAN
REFUGEE CENTER NEW YORK, CATHOLIC
CHARITIES COMMUNITY SERVICES
(ARCHDIOCESE OF NEW YORK), CATHOLIC
LEGAL IMMIGRATION NETWORK, INC., ALICIA
DOE, BRENDA DOE, CARL DOE, DIANA DOE,
AND ERIC DOE,

                           Plaintiffs,

          -against-

ANTHONY BLINKEN, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE, THE
UNITED STATES DEPARTMENT OF STATE;
XAVIER BECERRA, IN HIS OFFICIAL CAPACITY
AS SECRETARY OF THE DEPARTMENT OF
HEALTH AND HUMAN SERVICES; AND THE
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

                         Defendants.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

19-CV-11633 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs brought this suit challenging Defendants' 2018 and 2019 actions in revising the "public charge" framework, and successfully obtained a nationwide preliminary injunction enjoining any such revisions. (Mem. Decision and Order, ECF No. 88, at 2, 52.) Specifically, Plaintiffs prevailed in precluding two rule revisions and a presidential proclamation which established new criteria for determining whether a noncitizen seeking entry into the United States or adjustment of status is ineligible because he or she is likely to become a "public charge." (*Id.* at 2.)

      Plaintiffs now seek $418,275.09 in attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 (the "EAJA"). (*See* Mot. for Attorneys' Fees, ECF No.

154.) Before this Court is Magistrate Judge Ona T. Wang's September 9, 2024 Report and Recommendation to grant Plaintiffs' motion and award an aggregate of $376,447.58 in attorneys' fees, inclusive of a 10% reduction due the Catholic Charities Community Service's (Archdiocese of New York) ineligibility to collect attorneys' fees. (R. & R. ("Report"), ECF No. 172, at 2.) Magistrate Judge Wang determined that "Plaintiffs are plainly the prevailing parties in the entire action," thus making them eligible for attorneys' fees under the EAJA. (Report, ECF No. 172, at 15.) Defendants objected to the Report, pointing to a pending Supreme Court case, *Lackey v. Stinnie*, No. 23-621 (U.S.) (cert. granted Apr. 22, 2024) where the Supreme Court will consider whether a preliminary injunction alone is sufficient to qualify a plaintiff as a "prevailing party" eligible for attorneys' fees. (ECF No. 174.) Having reviewed the Report and the parties' subsequent filings, this Court **RECOMMITS** this case to Magistrate Judge Wang for further analysis after the Supreme Court has rendered its decision in *Lackey*.

## I. LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17-CV-569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is

present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (citations omitted).

## II.   THE CASE IS RECOMMITTED TO MAGISTRATE JUDGE WANG

The Report determined the Plaintiffs' respective eligibility for attorneys' fees under the EAJA. Magistrate Judge Wang determined that the five low-income Individual Plaintiffs are eligible for EAJA fees, as they all have individual net worths less than $2 million, are experiencing financial hardship, and either their dependents or they themselves were eligible for public benefits. (Report at 9–10); 28 U.S.C. § 2412(d)(2)(B). Magistrate Judge Wang determined that Plaintiffs' success in obtaining a nationwide preliminary injunction qualifies them as prevailing parties under the EAJA with respect to the entire litigation. (*See* Report at 13–16.) The Report concluded that 28 U.S.C. § 2412(d)(2)(B)(ii) renders ineligible for EAJA fees any tax exempt 501(c)(3) organization which had more than 500 employees when the relevant suit was filed, and thus Catholic Charities Community Service is ineligible for EAJA fees for exceeding this threshold. (Report at 9, 11–13); *see also* 28 U.S.C. § 2412(d)(2)(B), (i).

Under current Second Circuit law, a party is "prevailing" where there is either "a court ordered chang[e] [in] the legal relationship between [the plaintiff] and the defendant" or "a material alteration of the legal relationship." *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2004) (citing *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin*, 356 F.3d 444, 452 (2d Cir. 2004) (quoting *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2005))). In determining whether to award attorneys' fees in connection with an injunction or stay, the court must assess whether "the court's action in granting the preliminary injunction is governed by its assessment of the merits." *Vacchio v. Ashcroft*, 404 F.3d 663, 674

(2d Cir. 2005) (citing *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997)). However, as Defendants argued in their objections to the Report, current Second Circuit law could be affected by the Supreme Court's forthcoming ruling in *Lackey*. The Supreme Court will hear *Lackey* in its upcoming October 2024 session and decide "whether a plaintiff who obtains only a preliminary injunction may be a 'prevailing party' entitled to attorney's fees." Petition for Writ of Certiorari at 2, *Lackey v. Stinnie*, No. 23-621 (Nov. 20, 2023).

The Supreme Court has granted certiorari on the following questions: (1) "Whether a party must obtain a ruling that conclusively decides the merits in its favor, as opposed to merely predicting a likelihood of later success, to prevail" under a statute for attorneys' fees; and (2) "Whether a party must obtain an enduring change in the parties' legal relationship from a judicial act, as opposed to a non-judicial event that moots the case, to prevail under" a statute for attorneys' fees. Petition for Writ of Certiorari at ii, *Lackey*, No. 23-621.

As Defendants argued in their objections to the Report, "if the Supreme Court answers either question in the affirmative . . . Plaintiffs will not be entitled to fees." (Defs.' Objections, ECF No. 174 at 11.) In deciding *Lackey*, "the Supreme Court could also provide additional guidance concerning the particular circumstances in which an interlocutory ruling may be sufficient to qualify a party to obtain fee-shifting." *Id.* (citing Petition for Writ of Certiorari at 16–19, *Lackey*, No. 23-621 (explaining that even courts permitting a preliminary injunction to qualify a party for fee-shifting "differ on the degree of 'likelihood' of success needed")).

For purposes of analyzing any impact of *Lackey* on Plaintiff's eligibility for attorneys' fees after the Supreme Court renders a decision, this Court recommits the case to Magistrate Judge Wang.

## III. CONCLUSION

The case is recommitted to Magistrate Judge Wang for further analysis consistent with this opinion.

Dated: September 30, 2024
     New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge