

**U.S. Department of Justice**
Civil Division
Federal Programs Branch
1100 L St NW
Washington, DC 20530

---

James C. Luh　　　　　　　　　　　　　　　　　　Tel:　　(202) 514-4938
Senior Trial Counsel　　　　　　　　　　　　　　Email:　James.Luh@usdoj.gov

February 26, 2025

By ECF

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Room 1310
New York, NY 10007

　　　　Re:　　Plaintiffs' motion for attorney's fees in *Make the Road New York v. Rubio*,[1] No. 19-cv-11633

Dear Judge Wang:

　　　　This letter is to advise the Court of the Supreme Court's decision in *Lackey v. Stinnie*, No. 23-621 (U.S. Feb. 25, 2025), https://www.supremecourt.gov/opinions/24pdf/23-621_5ifl.pdf, holding that obtaining a preliminary injunction does not qualify a party as a "prevailing party" for purposes of attorney's fees. Based on the ruling in *Lackey*, this Court should deny the plaintiffs' motion for attorney's fees in this case.

　　　　The plaintiffs filed their motion for attorney's fees on February 27, 2024. Notice of Mot. for Att'ys' Fees, ECF No. 154. On September 4, 2024, the Court issued a report and recommendation recommending that Judge Daniels grant the plaintiffs' request for fees in part and award fees in the amount of $376,447.58. R. & R. to the Hon. George B. Daniels 34, ECF No. 172. On September 30, 2024, Judge Daniels entered a Memorandum Decision and Order, ECF No. 175, recommitting this case to this Court for further analysis after the Supreme Court had ruled in *Lackey*. Judge Daniels noted that the ruling could affect the availability of fees in this case. *See* Mem. Decision and Order 4.

　　　　The Supreme Court's ruling in *Lackey* forecloses an award of attorney's fees in this case. The Court held that "[a] preliminary injunction, which temporarily preserves the parties' litigating positions based in part on a prediction of the likelihood of success on the merits, does not render a plaintiff a 'prevailing party.' Nor do external events that moot the action and prevent the court from conclusively adjudicating the claim." *Lackey*, slip op. at 13. Although the fee request in *Lackey* was based on 42 U.S.C. § 1988(b), the Second Circuit has previously held that

---

　　　　[1] Marco Rubio, Secretary of State, is substituted as a defendant in his official capacity under Rule 25(d) of the Federal Rules of Civil Procedure.

- 2 -

the same "prevailing party" analysis is applicable to numerous fee-shifting regimes, including the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). *See Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008) (per curiam) ("[W]e find nothing in the language or structure of the EAJA to indicate that the term 'prevailing party' should bear a different meaning than it has been given in other, similar contexts.").

    Accordingly, the Court should deny the plaintiffs' motion for attorney's fees.

    Sincerely,

/s/
James C. Luh
Senior Trial Counsel
United States Department of Justice

Cc: All counsel of record via ECF