

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

Olivia Hussey Scott
Senior Counsel

Tel.: (202) 616-8491
E-mail: olivia.hussey.scott@usdoj.gov

May 23, 2025

Hon. Ona T. Wang
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl St., Courtroom 20D
New York, NY 10007-1312

Re: Opposition to Request for Consolidated Briefing and Briefing Schedule in *Make the Road New York, et al. v. Jaddou, et al.,* No. 19-cv-7993 and *Make the Road New York, et al. v. Blinken*, *et al.*, No. 19-cv-11633

Dear Judge Wang,

I represent Defendants in *Make the Road New York, et al. v. Blinken, et al.,* No. 19-cv-11633. On May 19, 2025, Plaintiffs in this matter filed a letter with this Court requesting to file a consolidated motion concerning the impact of *Lackey v. Stinnie*, 145 S. Ct. 659 (2025), in the above-referenced cases. ECF No. 190. Defendants oppose the consolidation of these two matters for the purpose of determining any impact of the *Lackey* decision or for any other reason.

Plaintiffs have not shown good cause why the proposed briefing should be consolidated. These cases have been litigated separately for nearly six years and, although associated as related on the Court's docket, have not ever been consolidated on the merits or as to fees. The cases were brought against different Defendants and concern challenges to different regulations. The cases are also in different procedural postures, as the availability of fees in *Jaddou* has never been decided. This Court has not yet requested any further briefing from the parties concerning the impact of *Lackey* on the fee petition in either case.

It is clear, as Plaintiffs seem to acknowledge, May 19, 2025, Letter at 2, that the remaining litigation concerning fees would need to continue separately in the two cases following the proposed briefing. Therefore, there is no meaningful efficiency to be gained through consolidation of this motion for the Court or the parties. Additionally, although Plaintiffs assert that consolidation would be efficient because there is a "common question" of the impact of *Lackey*, that justification rings hollow. Every case in which a plaintiff has received preliminary but not final relief now implicates *Lackey*. Plaintiffs have provided no explanation why these two matters, which were not otherwise appropriate for consolidation, should be consolidated merely to address a rule of general applicability.

Finally, whether or not the Court orders consolidated briefing on this issue, Defendants respectfully request that the Court not adopt the schedule proposed by Plaintiffs, which unnecessarily prejudices Defendants. Because the District Court recommitted this matter to this Court prior to the Supreme Court's February 25, 2025, decision in *Lackey*, *see* ECF 175, Memo Decision and Order (Sept. 30, 2024), Plaintiffs have already had nearly three months to prepare their proposed briefing as to the implication of *Lackey*. They now ask for a further 21 days, while proposing only 14 days total for Defendants to respond. Assuming the Court gives the parties leave to brief this issue, either separately or consolidated, Defendants respectfully request that the Court direct the parties to confer and propose a mutually acceptable schedule. In the alternative, Defendants request that they be granted at least 21 days to respond.

For these reasons, Defendants respectfully request the Court deny the request to consolidate and deny the briefing schedule sought by Plaintiffs.

Respectfully submitted,

*/s/Olivia Hussey Scott*
Olivia Hussey Scott
Senior Counsel
U.S. Department of Justice

CC: All Counsel of record via ECF.